121 A.2d 686 (1956)
John J. BLANDIN, Plaintiff,
v.
UNITED NORTH AND SOUTH DEVELOPMENT COMPANY, a dissolved corporation of the State of Delaware, Defendant.
Civil Action No. 610.
Court of Chancery of Delaware, New Castle.
March 26, 1956.
Ernest S. Wilson, Jr., of Morford & Bennethum, Wilmington, for plaintiff.
John P. Sinclair, of Berl, Potter & Anderson, Wilmington, for defendant.
MARVEL, Vice Chancellor.
Plaintiff seeks to establish his right to certain claimed dividends allegedly due him as the holder of a certificate for 100 shares of series A $10 par value preferred stock of the defendant corporation. This[1] class of stock on which cumulative *687 dividends were paid prior to redemption was authorized by corporate amendment of April 29, 1937, adopted following reorganization proceedings in the United States District Court for the Western District of Texas. The amendment provided inter alia that such stock should:
"* * * pay dividends at the rate of six percent (6%) per annum out of its earnings, but when not so earned and paid, the dividends so provided shall be cumulative. Said dividends shall be paid annually beginning the Fifteenth (15th) day of March, 1938 * * *."
Some of defendant's series A preferred stock was issued as early as 1937 but the shares represented by plaintiff's certificate were not issued until March 2, 1945. Evidently the earnings of the defendant corporation were not impressive for a number of years following the reorganization and no dividends were paid on either class of preferred stock until January 30, 1953. On December 5, 1952,[2] back dividends were declared on the series A and B preferred stock for the period running from the dates of issuance of such stock in 1937 and 1938 to January 1, 1939. On September 8, 1954,[2] dividends were declared on both series of preferred stock, including that issued after December 31, 1938, for the period from January 1, 1939 up to and including March 15, 1954. As to stock issued after December 31, 1938, dividends were calculated from the issuance date. Finally on January 21, 1955, defendant's board of directors called for the redemption and retirement of all issued stock of the corporation.
Defendant offered plaintiff the redemption price of his shares of stock together with unpaid and accrued dividends for the period running from the date of their issuance, namely March 2, 1945, to the last dividend date. Plaintiff insists that he is also entitled to dividends for the period from March 15, 1938 to March 2, 1945 by reason of the representation on plaintiff's stock certificate that "* * *[3] dividends shall be paid annually beginning the Fifteenth (15th) day of March, 1938."
Defendant having dissolved and undertaken distribution of its assets, plaintiff applied for and obtained an order restraining final distribution to stockholders until a bond was posted conditioned on payment of plaintiff's claim if and when established. Such a bond was posted and the parties have submitted a stipulation as to the facts upon which they agree.
While a formal answer has not been filed, defendant in the stipulation admits certain facts which plaintiff contends furnish a factual basis for his case. Defendant also joins issue on the question to be decided namely whether or not plaintiff is entitled to dividends at the rate of 6% from the date of March 15, 1938 (See (3) above and footnote) to March 2, 1945, the date on which stock later acquired by plaintiff was issued.
It is conceded that plaintiff made his stock purchase without notice of the date of issuance of the stock represented by the certificate delivered to him at the time of the purchase. Furthermore, plaintiff made no inquiry of defendant as to the amount of unpaid dividends due on the stock he was purchasing although certain financial services such as Standard and Poor's correctly carried information in 1951 that no dividends had ever been declared on defendant's cumulative preferred stock.
In the absence of other proof plaintiff rests his case on the contention that the certificate issued to him on July 30, 1951 represented that dividends on the stock he had purchased were not only cumulative but would be "paid annually" beginning March 15, 1938 and that accordingly *688 he is entitled to "dividends" from that date to the date of issuance of his stock. Reliance is placed on the accepted principle that an innocent purchaser for value may safely rely on representations made on a stock certificate, Delaware-New Jersey Ferry Co. v. Leeds, 21 Del.Ch. 279, 186 A. 913, Lehigh Structural Steel Co. v. Commissioner of Internal Revenue, 3 Cir., 127 F.2d 67.
In the case of Holland v. National Automotive Fibres, Inc., 22 Del.Ch. 99, 194 A. 124, the Chancellor stated the question there to be decided to be whether class A common stock issued in 1935 accumulated dividends "* * * from and after the 1st day of January, 1930 * * *" or "* * * from the date of issue thereof." Both phrases above quoted were set forth in an amendment to the corporate charter adopted on March 15, 1930, under the terms of which holders of preferred stock were permitted to convert their shares into the new class A cumulative common stock. Plaintiff, who sought to enjoin the payment of cumulative dividends on the new common stock for the period from January 1, 1930, to the dates of issue of the stock in 1935, contended that the reference in the charter to the date, January 1, 1930, was applicable only to stock issued during the quarter following the adoption of the charter amendment which created the class A common. Defendant contended that the January 1, 1930, date was intended to be applicable to all class A common regardless of when issued and that the phrase "* * * shall be cumulative from the date of issue thereof * * *" was intended to be applicable only to those series of class A common following the first.
The Chancellor considered the concept that stock could be considered as being entitled to dividends before its issuance incongruous except where a short antedating of the right to accumulation is resorted to for the purposes of practical convenience in launching a new issue of cumulative stock or where such antedating is for the purpose of adjusting a past fractional equity.
The Chancellor faced with the conflicting charter provisions accepted plaintiff's interpretation as the more rational. Under the facts of the case such interpretation was also more fair inasmuch as defendant's interpretation would have permitted preferred stockholders to receive their preference, then convert their stock to class A common and possibly receive cumulative dividends on such common stock for many past years.
In the case at bar the language of the charter appearing on the stock certificate issued to plaintiff differs somewhat from that considered in the Holland case. In the case at bar there is no ambiguity, but there is no language in the charter or on the certificate of stock stating a date from which dividends on the entire series shall accumulate. The critical language is that "* * * dividends shall be paid annually beginning the Fifteenth (15th) day of March, 1938 * * *."
Does this phrase constitute an agreement by the defendant that the holders of its series A preferred stock in certain circumstances will receive accrued and unpaid dividends as far back as March 15, 1938, regardless of the time of issue of the stock held? I think not, and I am unable to accept plaintiff's contention that the language on the certificate delivered to him after his purchase was consummated in itself binds defendant to pay plaintiff cumulative dividends for any period prior to issuance of the stock which he purchased. In my opinion the phrase pertaining to payment of dividends beginning March 15, 1938 was intended to fix a first dividend date for stock then issued and entitled to dividends. Compare Holland v. National Automotive Fibres, Inc., supra. On the present record I am satisfied that plaintiff has received what he is entitled to namely dividends from the date of issuance of stock held by him to the last dividend authorized and paid on such stock.
Both parties have presented this case as one to be decided on the pleadings *689 and stipulation of facts. I do not think, however, plaintiff should be barred from introducing evidence which would tend to support his claim on any theory of his case. Plaintiff may elect to go into a hearing; otherwise judgment will be entered for defendant.
Order on Notice.
NOTES
[1] The corporate defendant also authorized and issued a series B preferred stock on which back dividends were also paid prior to redemption.
[2] The actual records pertaining to the authorization and payment of unpaid and accrued dividends on the series A preferred stock are not before the Court.
[3] This language is derived verbatim from Article Fourth of defendant's charter.